**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN ADAMS, | No. 05-16780 |
| Petitioner - Appellant, | D.C. No. CV-02-00690-LKK/PAN |
| v. | |
| DIANE BUTLER, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted June 13, 2007
Submission deferred April 25, 2008
Resubmitted September 23, 2010
San Francisco, California

Before: SCHROEDER, CANBY and McKEOWN, Circuit Judges.

Steve Adams, a California state prisoner, appeals the district court's denial

of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. Adams

was convicted of second degree murder in 1986 and is currently serving a sentence

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

of seventeen years to life. Adams alleges the California Board of Parole Hearings ("BPH") violated his due process rights in denying him parole in 1999. Because Adams has presented a claim that is debatable amongst reasonable jurists, we certify this claim and consider its merits. *See Hayward v. Marshall*, 603 F.3d 546, 552-55 (9th Cir. 2010) (en banc).

The state court did not unreasonably determine that "some evidence" supports the BPH's decision denying Adams parole. *See id.* at 562-63. Adams murdered his victim in "an especially heinous" manner. *See* Cal. Code Regs. tit. 15 § 2402(c)(1). He shot his victim at least seven times, and stabbed him on multiple occasions. Following the murder, Adams stole his victim's truck and fled to Nevada. The motive for the crime was very trivial in relation to the offense; his victim had killed his mother's dog. *See* Cal. Code Regs. tit. 15 § 2402(c)(1)(E). The state court also relied on Adams' history of substance abuse in determining he was unsuitable for parole, and the evidence also supports this determination. *See Hayward*, 603 F.3d at 562-63. Adams admits to a history of substance and alcohol abuse, and he killed his victim while intoxicated after an argument about cultivating marijuana.

We will not consider Adams' arguments regarding denials of parole after 1999 because those arguments are not properly before us. *See Hargis v. Foster*, 312 F.3d 404, 408 (9th Cir. 2002).

**AFFIRMED**.